# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALLISON KORMAN,** | : | No. 3:22cv1579 |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | **(Magistrate Judge Arbuckle)** |
| | : | |
| **SETTLERS HOSPITALITY GROUP,** | : | |
| **LLC,** | : | |
| **Defendant** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## <u>MEMORANDUM</u>

Before the court for disposition is the Report and Recommendation ("R&R") of Magistrate Judge William I. Arbuckle which recommends granting in part Defendant Settlers Hospitality Group's motion to dismiss plaintiff's complaint. Plaintiff Allison Korman, proceeding *pro se*, alleges employment discrimination in her complaint.[1] She has filed a document entitled "Plaintiff's Reply To U.S. Magistrate Judge's Report and Recommendation." As plaintiff is proceeding *pro se*, the court will construe this document as objections to the R&R and shall refer

---

[1] Originally, counsel represented plaintiff. On February 27, 2023, counsel moved to withdraw from the case based on "irreconcilable differences and revocation of settlement." (Doc. 15). The Honorable Robert D. Mariani, the judge formerly assigned to this case, granted the motion to withdraw on March 2, 2023. (Doc. 18). Plaintiff entered her appearance as a *pro se* litigant on March 1, 2023. (Doc. 16).

to it as same.  Since the filing of the R&R, the parties have filed several other

motions.  These matters are ripe for disposition.

## Background[2]

The facts as set forth in the complaint and the R&R are as follows:

Plaintiff Allison Korman, a former employee of Defendant Settlers

Hospitality Group, LLC, initiated this case by filing a complaint on October 7,

2022. (Doc. 1). Defendant operates several restaurants and employed plaintiff as

a server in two of them, the Dock and the Glass Wine Bar.  Although not a model

of clarity, the complaint avers that plaintiff is a felon, of the Jewish faith/identity,

and as a person with impaired vision in the right eye.

Plaintiff worked at the Dock from 2014 until June 19, 2016.  Plaintiff alleges

that "in 2016" the head chef and one other employee at the Dock learned of her

Jewish heritage and began harassing her by playing recordings of Adolph Hitler

and drawing swastikas on her drinking cups, food orders, and personal property.

(Doc. 1, Compl. ¶ 11(a)).  Plaintiff initially responded to this behavior by asking

the employees to stop. (Id. ¶ 11(b)).  They refused to stop so plaintiff complained

---

[2] This brief factual background is derived from the R&R and plaintiff's complaint.  At this stage
of the proceedings, we must accept all factual allegations in the complaint as true.  Phillips v.
Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).  The court makes no determination,
however, as to the ultimate veracity of these assertions.

2

to an unidentified restaurant manager. (Id. ¶ 11(c)). Plaintiff alleges that she received a written warning, but the defendant did not punish her harassers. (Id.)

On June 19, 2016, Craig Ehrhardt (a manager at the parent company Settlers Hospitality Group) either "removed" Plaintiff from the schedule at the Dock or "terminated" her employment there. (Id. ¶¶ 9, 11(d)). Defendant offered plaintiff shifts at another restaurant defendant owns, the Glass Wine Bar and she began working there. (Id. ¶ 11(e)). Plaintiff alleges that while working at the Glass Wine Bar, defendant reduced her hours, and she no longer qualified for health benefits. (Id. ¶ 11(g)). Plaintiff's complaint fails to provide the date on which defendant began reducing her hours or how significantly they were reduced.

While working at the Glass Wine Bar, an employee threw a frozen cherry tomato at plaintiff's right eye causing injury to the eye. (Id. ¶ 11(h)). Plaintiff's complaint does not elaborate on the nature of those injuries or her diagnosis, but alleges that she had two surgeries, and requires a third surgery. (Id. ¶¶ 11(h), 11(i)). She also alleges that defendant did not provide her with adequate time off to recover after the first two surgeries. (Id.) Plaintiff further avers that defendant did not advise plaintiff of her rights under the Family and Medical Leave Act ("FMLA"), disability benefits, or workers' compensation benefits. (Id.)

3

In May 2020, during the COVID-19 pandemic, defendant assigned plaintiff several tasks that seem unconventional for a server.  Plaintiff performed these tasks outside of the restaurant.  Plaintiff was, at some point, directed to burn old mattresses. (Id. ¶ 11(j)).  She alleges that she was assigned this task because she is Jewish. (Id. ¶ 11(k)).  Defendant also directed plaintiff to sweep up mounds of fiberglass, lift stones, and dig a path to build a walkway.  (Id. ¶ 14).  When assigned these tasks, Plaintiff was under pre-operative care for her eye problem, and she asserts that these tasks were not appropriate for her.  (Id. ¶ 15).  Plaintiff alleges that when she complained, Douglas Brigandi, a Settlers Hospitality Group manager, "threatened" her, and told  her that "she could resign if she did not like doing the foregoing tasks."  (Id. ¶ 17).  Defendant terminated plaintiff's employment in June 2020.  (Id. ¶ 8).

On October 7, 2022, plaintiff, through counsel filed a complaint against defendant, alleging the following legal claims:

Count I:  Claims of religious discrimination premised on theories of retaliation and hostile work environment pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII");

Count II: Claims of disability discrimination, retaliation, and failure to accommodate/failure to engage in interactive process under the Americans with Disabilities Act ("ADA");

4

Count III:  Pennsylvania Human Relations Act ("PHRA") claims of religious and disability-based discrimination premised on theories of retaliation, and hostile work environment; and

Count IV: An FMLA claim of unlawful interference with and restraint of her rights.

Defendant subsequently filed the instant motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc. 23).  The R&R recommends granting the motion with respect to the following: plaintiff's ADA claims of failure to accommodate, failure to engage in the interactive process, and retaliation found in Count II of the complaint; Plaintiff's PHRA claims of religion and disability-based discrimination, retaliation, and hostile work environment from Count III of the complaint, which amounts to dismissal of Count III completely; and the FMLA claims of interference and retaliation based on her first and second eye surgeries found in Count IV of the complaint.  The R&R recommends that the remaining claims in Counts, I, II, and IV be permitted to proceed.

Plaintiff filed a reply to the R&R, which in part contains an objection of sorts.  Subsequently, the parties filed the following:  1) defendant's motion to strike the plaintiff's objection; 2) plaintiff's motion to amend/correct the complaint; 3) defendant's motion to file a sur-reply brief; 4) defendant's motion to strike

plaintiff's response to the motion for leave to file a sur-reply brief.  The court will address these matters in turn.

## Jurisdiction

As plaintiff brings suit pursuant to various federal employment laws, the court has federal question jurisdiction.  See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").  The court has supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## Standard of review

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report against which objections are made.  28 U.S.C. § 636(b)(1)(c); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987).  The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.  Id.

In deciding whether to adopt portions of an R&R that objections have not be filed against, the court must determine if a review of the record evidences plain error or manifest injustice.  FED. R. CIV. P. 72(b) 1983 Advisory Committee

Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); see also 28 U.S.C. § 636(b)(1); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).

At issue in the instant R&R is the defendant's motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6). The court tests the sufficiency of the complaint's allegations when considering a Rule 12(b)(6) motion. All well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether, "'under any reasonable reading of the pleadings, the plaintiff may be entitled to relief.'" Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988) (quoting Estate of Bailey by Oare v. Cnty. of York, 768 F.2d 503, 506 (3d Cir. 1985)).

The plaintiff must describe "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' [each] necessary element" of the claims alleged in the complaint. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35. In evaluating the sufficiency of a complaint the court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of

7

the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citations omitted).  The court does not have to accept legal conclusions or unwarranted factual inferences.  See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

The federal rules require only that plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief," a standard which "does not require detailed factual allegations," but a plaintiff must make "a showing, rather than a blanket assertion, of entitlement to relief that rises above the speculative level." McTernan v. N.Y.C., 564 F.3d 636, 646 (3d Cir. 2009) (citations and internal quotations and quotation marks omitted).

The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  Such "facial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).  "[T]he factual detail in a complaint [cannot be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." Phillips, 515 F.3d at 232 (citation omitted).  "Though a complaint 'does not need detailed factual allegations, . . . a formulaic

recitation of the elements of a cause of action will not do.'" <u>DelRio-Mocci v.</u>
<u>Connolly Props., Inc.</u>, 672 F.3d 241, 245 (3d Cir. 2012) (quoting <u>Twombly</u>, 550
U.S. at 555).

The Supreme Court has counseled that a court examining a motion to
dismiss should "begin by identifying pleadings that, because they are no more
than conclusions, are not entitled to the assumption of truth." <u>Iqbal</u>, 556 U.S. at
679. Next, the court should make a context-specific inquiry into the "factual
allegations in [the] complaint to determine if they plausibly suggest an entitlement
to relief." <u>Id.</u> at 681.

## Discussion

As noted above, several matters are ripe and before the court for
disposition. The court will address them all beginning with the R&R and the
objections thereto.

## A. R&R

Plaintiff's objections to the R&R consist mainly of an attempt to "fix the
errors" contained on the docket by presenting a detailed factual background for
her claims. (<u>See</u> Doc. 48). She briefly indicates that she objects to portions of
the R&R which suggest dismissal of some of her claims. Plaintiff, however,
provides no legal analysis or specificity to her objection. (<u>Id.</u> at ¶ ¶ 1, 8).

Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule of Procedure 72.3 address the specificity required in objections to an R&R. Objections "shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." M.D. PA. L.R. 72.3. Thus, a party is required to specifically point to the Magistrate Judge's arguments, findings, or errors to which she objects and identify the basis for such objection. Id.; Goney v. Clark, 749 F.2d 5, 7 (3d Cir.1984). If a party fails to do so, then "a court is not required to address those objections." Pellicano v. Blue Cross Blue Shield Ass'n, No. 11–406, 2012 WL 1828027, at *3 (M.D. Pa. May 18, 2012), aff'd, 540 F. App'x 95 (3d Cir.2013) (citing Reid v. Lawler, No. 085674, 2010 WL 1186320, at *3 (E.D. Pa. Mar. 25, 2010)).

Because the plaintiff's objections are very general with no specificity, they need not be addressed. The court will therefore apply the standard for when objections are not filed, which is that the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation. FED. R. CIV. P. 72(b) 1983 Advisory Committee Notes; see also 28 U.S.C. § 636(b)(1); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983). Application of this standard reveals that the R&R should be granted.

First, the R&R suggests that plaintiff's ADA claims for failure to accommodate, failure to engage in the interactive process, and retaliation in Count II of the complaint should be dismissed. The R&R points out that plaintiff's complaint does not allege facts to support a finding that she sought an accommodation under the ADA, or that she engaged in the protected activity of asking for accommodations. She does not allege what accommodation she requested, who she requested it from, or when she requested it. The only allegations to support her ADA retaliation claim amount to a "threadbare recital of the elements of this cause of action." (Doc. 46, R&R at 32). The court finds no clear error in this analysis and the recommendation will be adopted.

Next, the R&R suggests dismissal of the plaintiff's PHRA claims of religion and disability-based discrimination, retaliation, and hostile work environment found in Count III. The basis for this suggestion is that plaintiff failed to file a timely charge with the Pennsylvania Human Relations Commission.[3] Plaintiff does not allege that any PHRC charge was filed. In fact, plaintiff acknowledges that she did not file a timely charge with the PHRC, (Doc. 37, Oppo. Br. at 17). Therefore, the magistrate judge did not commit clear error in suggesting dismissal of plaintiff's PHRA claims.

---

[3] Before filing a cause of action under the PHRA, a plaintiff must exhaust administrative remedies by filing a charge with the PHRC within 180 days of the alleged discriminatory act. 43 PENN. STAT. § 959(h).

The R&R also suggests dismissal of plaintiff's claims of FMLA interference and retaliation based on the first (2018) and second (February 2020) surgeries found in Count IV of the complaint.  For an employer to interfere or retaliate against an employee regarding the FMLA, the employee must first attempt to assert FMLA rights.  See Ross v. Gilhuly, 755 F.3d 185 (3d Cir. 2014).  Plaintiff does not allege that she attempted to assert her FMLA rights with regard to these surgeries.  Accordingly, it is not clear error for the R&R to suggest dismissal of these claims.

The R&R suggests that the remaining claims in the complaint be allowed to move forward.  These claims include:  1) Plaintiff's Title VII religion-based discrimination/disparate treatment, hostile work environment, and retaliation claims in Count I of the complaint; 2) Plaintiff's ADA claim of discrimination in Count II of the complaint; and 3) plaintiff's FMLA claim based on the post-termination third surgery in Count IV of the complaint.   After a review of the analysis related to these claims in the R&R, the court finds no clear error with regard to allowing them to proceed. Accordingly, the R&R will be adopted in full.

## B. Defendant's motion to strike plaintiff's reply to the R&R

Defendant filed a motion to strike plaintiff's reply to the R&R. (Doc. 49). Defendant argues that the reply should be stricken from the record because it improperly adds new facts and exhibits to the case.  The court has addressed

this reply above as an objection to the R&R. The court reviewed the objection only to the extent that it actually objected to the R&R. The new factual averments were not considered as it is indeed improper to add them in response to an R&R. Accordingly, the motion to strike will be denied as moot.

## C. Plaintiff's motion to amend the complaint

Plaintiff has also filed a motion to amend the complaint. (Doc. 51). This motion will be denied for failing to follow proper procedure. Local Rule of Procedure 15.1 provides: "When a party files a motion requesting leave to file an amended pleading, the proposed amended pleading must be retyped or reprinted so that it will be complete in itself including exhibits and shall be filed on paper as a separate document or, in the Electronic Filing System, as an attachment to the motion." Additionally, "[t]he party filing the motion requesting leave to file an amended pleading shall provide: (1) the proposed amended pleading as set forth in subsection (a) of this rule, and (2) a copy of the original pleading in which stricken material has been lined through and any new material has been inserted and underlined or set forth in bold-faced type." M.D. Pa. L.R. 15.1(b). Indeed, the R&R pointed out that "to properly request leave to amend, Plaintiff must submit a motion to amend, a brief in support, and a proposed amended complaint." (Doc. 46, R&R at 36).

Here, plaintiff has not presented the proposed amended complaint, nor has she satisfied the other requirements found in LR 15.1, and therefore, the motion to file an amended complaint will be denied for failure to comply with the Local Rules of Court. This dismissal will be without prejudice to the plaintiff filing a proper motion to file an amended complaint if she so chooses.

**D. Defendant's motion for leave to file a sur-reply brief**

Defendant also filed a "Motion for Leave To File Sur-Reply to Plaintiff's Reply to Defendant's Brief in Opposition to Plaintiff's Motion For Leave To Amend Complaint, or, in the Alternative, Motion To Strike Pursuant To Rule 12(f), and Notice of Intent To Seek Sanctions Pursuant to Rule 11(c)(1)." (Doc. 55). This motion can be broken into three distinct parts, and the court will address them separately.

**1. Sur-reply**

Defendant first requests permission to file a sur-reply brief to plaintiff's motion to file an amended complaint. The Local Rules provide that parties are to file a brief in support of a motion and a brief in opposition. M.D. PA. L.R. 7.5-7.6. Also a reply to the brief in opposition may be filed. M.D. PA. L.R. 7.7. "No further briefs may be filed without leave of court." Id.

Here, defendant seeks leave of court to file a sur-reply brief to respond to plaintiff's reply brief regarding the motion to amend the complaint. The

defendant's request will be denied.  As noted above, the motion to amend will be denied.  Accordingly, a sur-reply brief in opposition to the motion is moot and not needed for the court's analysis.

## 2. Motion to Strike

Next, defendant moves to strike plaintiff's reply brief regarding the motion for leave to amend pursuant to Federal Rule of Civil Procedure 12(f)(2).  Rule 12(f)(2) provides:  "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.  The court may act . . . on a motion made by a party either before responding to the pleading, or, if response is not allowed, within 21 days after being served with the pleading."

Defendant claims that plaintiff's brief contains scandalous accusations, and immaterial and impertinent matters and should be stricken.  This request will be denied.  As set forth above, Rule 12(f) applies to striking pleadings.  Pleadings recognized by the Rule of Civil Procedure include:  a complaint; an answer to a complaint; an answer to a counterclaim designated as a counterclaim; an answer to a crossclaim; a third-party complaint; an answer to a third-party complaint; and "if the court orders one" a reply to an answer. FED. R. CIV. P. 7(a).  Defendant seeks to strike a brief, not a pleading.  Rule 12(f)(2) provides authority to strike pleadings not briefs.  Accordingly, defendant's motion to strike plaintiff's brief pursuant to Rule 12(f)(2) will be denied.

15

### 3. Notice of intent to seek sanctions

Defendant's motion also acts as notice that defendant will seek sanctions against the plaintiff under Federal Rule of Civil Procedure 11(c). Defendant does not address this matter in its brief, and it appears there is nothing for the court to rule upon.[4]

## E. Motion To Strike Plaintiff's Response

Plaintiff filed a brief/response in opposition to defendant's "Motion for Leave To File Sur-Reply to Plaintiff's Reply to Defendant's Brief in Opposition to Plaintiff's Motion For Leave To Amend Complaint, or, in the Alternative, Motion To Strike Pursuant To Rule 12(f), and Notice of Intent To Seek Sanctions Pursuant to Rule 11(c)(1)." In turn, defendant moved to strike plaintiff's brief/response pursuant to Rule 12(f). As noted above, however, motions to strike under Rule 12(f) apply to pleadings. Plaintiff's brief/response is not a pleading. Therefore, the defendant's motion to strike the plaintiff's response will be denied.

---

[4] Defendant's motion also recommends that the court not adopt the R&R and instead grant the defendant's motion to dismiss. (Doc. 55, ¶ 16). To the extent that this request can be deemed objections to the R&R, they will be denied as untimely. Objections were due on March 22, 2024, and defendant filed this statement on April 18, 2024. (See Docs. 46 and 55). Further, defendant did not brief this objection and instead of being specific, the objection is general. As explained above, the court need not address general objections with a merits analysis.

**Conclusion**

For the reasons set forth above, plaintiff's objections to the R&R will be overruled and Magistrate Judge Arbuckle's R&R (Doc. 46) will be adopted. Additionally, the remaining motions, including defendant's two motions to strike, defendant's motion for leave to file a sur-reply brief, and plaintiff's motion for leave to amend will be denied.  This matter will be remanded to Magistrate Judge Arbuckle for further pretrial proceedings.  An appropriate order follows.

Date: 2/25/25

JUDGE JULIA K. MUNLEY
United States District Court

17